the next case is number two zero one three four zero united states vs. pablo el rivera attorney lockhart please introduce yourself on the record uh... yes donald lockhart for the government and may it please the court uh... may i reserve two minutes for rebuttal yes you may mister lockhart thank you may i proceed so this is really a textbook case where a trooper should remove a car from the side of the road uh... by having it towed and then uh... prior to the towing should conduct an inventory search uh... the district court erred in ruling otherwise and in suppressing all the evidence that was derived from the inventory search including the heroin the loaded firearm the drug accoutrement and uh... mister rivera's remark about the salt uh... mister lockhart let me just ask you one question the district court also suppressed the defendants statement at the scene his answer to a question of the uh... troopers i don't believe you challenge that in your that ruling in your appeal no we do challenge it that's the salt remark that i was just referring to yes just to clarify before turning to uh... the main part of the argument the district court's view was that all evidence that stemmed in any fashion from the inventory search including the salt uh... statement of the defendant uh... needed to be suppressed and so we challenge uh... the entire gamut of of uh... the suppression ruling uh... unless the court has a different preference i'll start with the impoundment and then go to the inventory search uh... second uh... as far as the impoundment goes uh... you may recall that mister rivera conceded in the district court and again now apparently on appeal that the impoundment was lawful because after the police pulled him over the side of route eighty four was quickly discovered that he lacked a license and nobody else was present in the car to drive it uh... from the scene so a written state police order directly on point authorized the towing of the vehicle from the side of the highway and that's exactly what the trooper now the district court didn't uh... specifically fault the impoundment decision but it did say or suggest anyway that there was no impoundment at all because the defendant's car according to the uh... district court was never in police custody now we address that point in our brief but suffice it to say that the supreme court's decision in katie says that when an officer is having a car towed at the behest of the police at the direction of the police that car is in police custody the police are exercising a form of custody or control over the car in that circumstance and the mere fact that the trooper initially offered to mister rivera that he could uh... ride with the tow truck once it arrived wouldn't change that calculus at all because even if rivera had ridden with the tow truck the fact of the matter is that car would have remained in police custody it would have been uh... towed at the uh... direction of the police the court has no questions about the impoundment phase i'll switch gears and talk about the inventory search uh... phase of what happened again mister lockhart could you clarify two things you say route 84 are we talking about interstate 84 in massachusetts correct interstate 84 in stirbridge and then is there any evidence in the record as to where the tow truck was taking the vehicle the only evidence in the record concerning the tow company is at page eleven of the addendum to our brief which is a single page document it's the uh... inventory search form that the trooper later filled out and it refers to uh... the name of the tow truck company but i don't believe it refers to the location of the tow truck company uh... from memory it's something like interstate towing uh... but i don't believe the suppression hearing record reflects uh... the distance between the point of the stop and where the tow truck uh... company was located can i ask before you go on to the next phase of your argument i just want to make sure i understand something about the terminology you're using when you use the word impound what is the legal significance of that word that you're keying it to is that the same as seized or do you mean it differently than seized so uh... no i'm not referring to it uh... as as a seizure it's it's more a term of art that is really shorthand for a decision to remove a car from the side of the highway by having it towed uh... i'm calling that impounded the reason why i just asked that is suppose the trooper here had said oh you don't have your license no i don't have my license no registration no registration and then the driver says but i'm a triple-a member i'll call triple-a they'll come they can tow it for me and the trooper says yes that's fine at that point is it useful to call it an impoundment or is it significant that what happened here for purposes of using that word that the trooper said we'll get the car towed right it's it's the latter in other words uh... even in the scenario that you just uh... described where the officer tells the defendant we need to tow your car from the scene and the defendant proffers his own tow truck service triple-a or whatever it is still the case in that scenario that the car is being taken from the roadside at the direction of the police well that that seems surprising i mean suppose he had a passenger uh... with him and he said i know i can't drive you're right you got me but i'll have my friend drive it home i don't think we'd say the police took the car into custody and impounded it in that situation and how's it different if he says there's a tow truck company on triple-a they're right around the corner they'll come get it and take it off the road he wasn't being arrested he was free to go right so the distinction your honor is actually embedded right in the state police tow policy that's what concerned me is that i think the word impound is important to you because you're keying it to the state policy but from a fourth amendment perspective the state policy can't be determinative how reasonable it is to do an inventory search if you're trying to leverage the idea of it's an impoundment under the state policy therefore the inventory search is permissible whenever it's impoundment under the state policy that just skips over the question of whether from a fourth amendment perspective there is a community caretaking reason to allow the inventory search i guess i'm not quite following why there would be in either the scenario where there's a passenger or where he's getting his own toward here we have neither because the trooper was the one calling the tow truck so that does seem to me quite different but i'm a little concerned about the suggestion that there's no difference in those scenarios because they're all impoundments well let me address your question i believe judge chiara's question which i haven't quite gotten to which is the scenario of the uh... person in the car who is able to drive the car uh... from the side of the highway of course that's a completely different situation where there's no need to tow at all right there's no need because as the state policy reflects and as as just the you know as a matter of reasonable community caretaking standards we have a situation there uh... where uh... somebody is present in the car and can actually drive it away so there's no need for the trooper to intervene and call it a tow truck uh... that seems to me to be uh... a completely different scenario there are many issues i haven't gotten to i've reserved two minutes for rebuttal and uh... i'm happy to rest at this point well if you wish to address judge barron's question or if you feel you've already done that that's fine i thought he was posing essentially the same question uh... that you were posing uh... judge chiara but you addressed the half you addressed the half of it with the passenger i guess the other case that's slightly different than this case is it's not a passenger it's a friend with a tow truck and the friend's gonna come with the tow truck you seem to treat all towing regardless of whether the towing is at the behest of the driver or at the behest of the trooper is the same and i'm not following why one would do that well in that scenario it's still at the behest of the police it's just the defendant is expressing his own preference for a tow truck company to take the car away it's still a primarily a police decision that this car cannot remain at the side of the highway now you've gone from custody to decision that decision would be the same with the passenger uh... i don't follow you i'm sorry sure if he had a friend who could drive the police would be making a decision the car can't stay on the side of route 84 interstate 84 but the solution is the defendant by recruiting a friend can remove it so there's never any need to take it into custody yeah but in that situation your honor the opperman rationale of you know fear that uh... items may be lost or stolen or fear that there may be a dangerous item in the car doesn't apply with the same uh... right i mean what we're concerned with is a scenario where the police are involved in creating a situation where there is a tow and then as part of the towing process uh... there is either a claim of lost uh... or stolen uh... items or there's a situation where the car contains a dangerous item which could present a hazard to the tow truck driver or to the trooper or to some other member of the public so in the scenario of the friend in the car who can drive it from the scene uh... we just don't confront the same constellation of uh... opperman uh... factors uh... and uh... it's just a different community caretaking uh... balance entirely in that situation thank you attorney lockhart you can mute at this time and attorney lauer uh... please introduce yourself on the record good morning and may it please the court my name is scott lauer i represent the appellate pablo rivera the district court's grant of suppression should be affirmed because the district court correctly concluded that the community caretaking function uh... was not served by the actions of the government in this case mister lauer let me let me ask you how does your case differ from the parameters of the state police policy that's been introduced at the hearing well your honor does your case fall within the literal parameters of that policy i i think uh... the answer is that policy regarding uh... the need to tow vehicles from the highway uh... does uh... require the officer to or direct the officer uh... to inventory the vehicle however the inventory policy which is a separate policy speaks to the circumstance that uh... we were just discussing with mister lockhart uh... concerning the a motorist uh... who was able to arrange for his own tow or his own how is this case how is this case like the case of the motorist who can arrange for his own tow this case is is like that because the uh... the vehicle is disabled in a sense and that's the word that's used by the uh... the policy and uh... the towing company was selected by the trooper yes so uh... and the towing company was called by the trooper in this case uh... the trooper did not afford mister rivera the opportunity to do that he so we've got a towing company that's selected by the trooper called called by the trooper coming to the scene at the trooper's request uh... so I'm I'm struggling with the notion of why that's not quintessentially within the parameters of the policy well it it may be on a literal reading of the policy uh... it may fall within the policy uh... but as I believe justice baron uh... brought up earlier uh... the policy itself is not you mean judge baron justice is all down on the potomac not here pardon me yes judge baron brought up earlier that the the policy itself is not necessarily determinative of uh... of whether it uh... is a valid search under the fourth amendment uh... so the the policy may be perfectly reasonable in in other instances and unreasonable in this instance and uh... that is the argument that we presented to the district court was uh... that the circumstances the facts and circumstances of mister rivera's uh... stop uh... and the ensuing search differed uh... from those in many other reported cases uh... in in nearly all of the reported cases there are legitimate government governmental interests that are served uh... by the decision to either impound and and subsequently search the vehicle uh... that is because in ordinary cases uh... the usual case the defendant is arrested and the vehicle uh... is not left in the custody of a third party the defendant is not in a position to safeguard his own property uh... and so uh... that's a critical distinction in this case and that's the sort of uh... distinction that the district court drew uh... in in deciding the case how was the defendant in a position to safeguard his own property? well he was told by the uh... the trooper that he was a not under arrest and b that he would be accompanying the vehicle he wasn't told that he would be accompanying the vehicle he was told that he had the option to accompany the vehicle isn't that so? uh... i it may be that he was uh... told that he had the option to accompany the vehicle but it's unquestionably the case that he was not under arrest well that's true and he never responded when the uh... I mean you know the record presumably better than I do but from what I can tell from the record he was told that he could accompany the vehicle to the tow company he could ride with the tow if he chose and he never responded to that at least there's nothing in the record that I've seen that indicated that he ever said I'll do that or that sounds great he just didn't respond I think that's an accurate summation of the record and uh... uh... the point that I think the trial court drew from that and that I would urge this court to draw uh... is that that is a differentiating circumstance uh... from the ordinary inventory search case uh... uh... the court here looked at Opperman looked at the governmental interests that are cited in Opperman uh... saw those interests not present in this case uh... and on the balance of of uh... the fourth amendment factors and and correctly concluded uh... that this search was not a valid exercise of the community caretaking function your focus on the go ahead Judge Kiley yes I suppose suppose when the tow company got suppose the officer did not do an inventory search because he'd offered the option to ride with the tow company he got in his car and then after the tow company came in pitched up the car the defendant said you know I'll I'll go with you officer instead and dropped in the back seat of the officer's car what would happen then would the officer have to get out and do the inventory search then after the tow is already there no I I I think unless the vehicle is in police custody uh... there's some reason to think that the police might be liable for property that goes missing but the tow company is acting at behest of the police here that's true uh... but suppose suppose when he picked up the car he announced you know I have five thousand dollars in the back seat of that car it's missing and if a jury believed him wouldn't the tow company and or the police be liable for five thousand dollars because they couldn't prove it wasn't in the car well I I I think in the first instance it would be the tow company's problem and and not the problem of the the state police but certainly that that sort of danger to the police is sufficiently attenuated that it is not a strong compelling government interest of the nature to support uh... support an infringement of of the defendant's privacy rights why why is it attenuated why is it attenuated at all because if the police are not in the vehicle they are not uh... the idea that they can be somehow held liable for property that goes missing when it's in the property of a third party is is more tendency but the third party is their agent operating at their direction and the per one of the purposes of the inventory search is to make certain that that claims of of quote missing close quote property like that can't be can't be leveled or can't reasonably be leveled and and the scenario you offer provides the police no protection at all from that even even if Mr. Rivera had elected to accompany the tow truck to the garage he might then simply have have left he might not have had the money to pay for the tow or whatever circumstance and we might have had the same circumstance of an un-inventoried vehicle being left in the tow company and as Judge Keada said subject to whatever claims were then subsequently made I suppose there are there is that possibility certainly the the tow company uh... would not be directed to remove any property certainly this if the state police place the vehicle in the custody of the tow truck uh... company they're not doing so with the uh... authorization for the tow company to remove any of the property uh... so I in this case as as you rightly pointed out the defendant did not uh... there's no evidence on the record that the defendant either elected to go with the tow or didn't uh... one could certainly read his lack of as acquiescence uh... uh... and uh... on a fundamental level how could one do that? when the if if a massachusetts state police trooper who has informed him he needs to sit by the side of the the guardrail then tells him that he has the option to ride with the the tow uh... uh... he didn't voice his he didn't say yes or no so he's i don't see how you can read anything into that other than he's thinking about it well uh... i i suppose it's a question of how far uh... that silence can be taken uh... but on on a fundamental level what we have here is is a search that is different than the inventory searches in the vast majority of cases and the district court looked at those circumstances uh... and and correctly concluded that they were not served uh... by the actions of the government judge barron did you have a question? uh... no i think i'm okay thank you thank you mister lauer you can please mute your device at this time attorney lockhart if you could unmute your device and introduce yourself back on the record yes donald lockhart again for the government i'd like to follow up on a point that judge sell you made let's just assume hypothetically that the record makes clear that in fact mister rivera was going to ride with the tow truck even under that scenario the operman factors still apply because there is still going to be not just a risk of dangerous items in the car but a risk that items could be lost or stolen or that mister rivera would claim that that was the case and i'll give you three scenarios in in which the uh... loss or theft uh... could uh... play out the tow truck driver arrives mister rivera gets in the passenger seat of the truck meanwhile the uh... tow truck guy is winching the car up onto the ramp he needs to put the car neutral to do that and uh... goes into the car uh... sees the watch on the seat puts it in his pocket uh... that's uh... scenario number one of where the uh... fact that rivera is with the tow truck is not going to uh... demonstrably change the risk of theft the other scenario is they arrive at the tow truck yard mister rivera gets out of the tow truck he says i want to use the men's room again the tow truck driver is left alone with the truck the third scenario is the one that judge sell you alluded to uh... rivera says you know i don't have the money right now to pay for the towing i'll come back tomorrow with my cousin who can drive the car will pay you at that uh... time so the car is left uh... at the lot over overnight colorado versus bertine makes clear that this theft or stolen items rationale applies not just to claims that may be directed later on at the police but also claims that may be directed uh... later on at the police deputized uh... towing company uh... so uh... that's our response uh... to uh... the defense suggestion in the district court suggestion that somehow the courtesy extended to mister rivera that he could potentially ride with a tow truck if he so chose uh... somehow alters the analysis uh... if the court has no further questions uh... we'll rest on our brief thank you mister lockhart that concludes the argument in this case attorney lockhart and attorney lauer you may disconnect from the meeting at this time